**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SONYA JACKSON**<br><br>Plaintiff,<br><br>v.<br><br>**RONALD E. BOLANDI**, *et al.*,<br><br>Defendants. | Civil Action No. 18-17484 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is defendants Ronald E. Bolandi, Ileana Valerio, Janet Grooms, and Artresia Fryer's (collectively, "Defendants") motion to dismiss. (D.E. No. 7). *Pro se* plaintiff Sonya Jackson ("Plaintiff") did not file a formal opposition, but rather submitted a letter entitled "Affidavit of Fact," which purports to respond to Defendants' motion. (D.E. No. 10).[1] The Court decides the motion to dismiss without oral argument. *See* Fed. R. Civ. P. 78(b); *see also* L. Civ. R. 78.1(b). For the following reasons, Defendants' motion is GRANTED.

---

[1] Although Plaintiff referenced attachments to a "medical report" and "police report" in the Complaint, neither document was attached to the Complaint. (*See generally* Compl.). Rather, Plaintiff attached several documents to her "Affidavit of Fact," including email correspondence with a claim examiner from New Jersey Schools Insurance Group, as well as photographs and a medical report concerning Plaintiff's daughter and the alleged facts as stated in the Complaint. (*See* D.E. No. 10). Subsequently, on July 10, 2019, Plaintiff filed an incident report on the docket from the Plainfield, New Jersey Police Division. (*See* D.E. No. 16). Given Plaintiff's *pro se* status, the Court considers these documents as exhibits to the Complaint.

On May 31, 2019, Plaintiff also filed a document entitled "Exhibit A For the Record, To Be Read Into The Record," which purports to include Plaintiff's birth certificate and multiple declarations that are unrelated to this matter. (*See* D.E. No. 11). Because these documents are not referenced or are otherwise related to the Complaint, the Court does not consider docket entry number 11 in rendering this Opinion and Order.

## I. Factual Background

The Court will "set out facts as they appear in the Complaint." *See Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012). Plaintiff alleges that on February 21, 2018, her daughter, E.H.,[2] was injured on the Maxon Middle School playground located at 920 East 7th Street in Plainfield, New Jersey. (D.E. No. 1 ("Complaint" or "Compl." at 4)). Plaintiff claims that defendant Ileana Valerio ("Valerio"), a teacher at Maxon Middle School, pointed her finger at E.H., scratched E.H.'s face, neck and arms, and pushed E.H. from behind.[3] (*Id.*). Subsequently, Plaintiff contends that Valerio did not contact Plaintiff, and deceived her by stating that she did not touch E.H.[4] (*Id.*). Plaintiff allegedly went to her daughter's school to report the incident the following day. (*Id.*). Moreover, Plaintiff claims that she emailed defendants Janet Grooms and Artresia Fryer a photo of E.H.'s injuries and spoke with them. (*Id.*). However, no one called Plaintiff regarding the incident. (*Id.*). Plaintiff also filed a police report after E.H. began to experience neck and back pain subsequent to the incident.[5] (*Id.*).

---

[2] The Court will use initials to identify Plaintiff's child because it assumes that the child is a minor, as stated in the Complaint. (*See* Compl. at 4).

[3] Specifically, the Complaint states: "'Ileana Valerio' started to "fling her weight about" yelling, 'What are you going to do, over and over' while pointing her finger and waving her hands causing scratchings cutting [E.H.'s] skin on her nose with her finger nail, injuring my daughter[.]" (*Id.*). Moreover, Plaintiff alleges that: "Ieana Valerio physically attacked my minor daughter, [E.H.] by pushing heri n [*sic*] her back from behind, pulling her by her arms and scratching her face, neck and arms." (*Id.*).

[4] As set forth in the Complaint, Plaintiff claims: "THAT having attacking my minor daughter, 'Ileana Valerio' made no attempt as a teacher (the authority at that time) to contact me via phone, (my daughter [E.H.] called me from a friend's phone to inform me that she had just been assaulted and injured). 'Ileana Valerio' attempted to deceive me with a statement over the phone, 'I did not hit or touch your daughter, do what you need to do because I did not touch her[.]'" (*Id.*).

[5] The Complaint continues: "The next day I came into the school to report what happened, [n]o one called me at all. I spoke to Janet Grooms, Artresia Fryer, I emailed them photo of [E.H.'s] injuries and made a police report. [T]he [*sic*] Friday [E.H.] woke up with terrible neck and back pains." (*Id.*).

With respect to "Injuries," Plaintiff alleges: "trauma, soreness, and pain in neck and back, scratches on face, nose and arm. (see medical report, police report)[*sic*][.]" (*Id.* at 5).

In light of Plaintiff's *pro se* status, the Court construes the Complaint liberally and gleans, as best it can, the following claims from the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citation omitted). First, Plaintiff alleges violations of several federal and state criminal statutes, including: (i) conspiracy against rights (18 U.S.C. § 241), (ii) deprivation of rights under color of law (18 U.S.C. § 242); (iii) obstruction of justice;[6] (iv) endangering welfare of children (N.J. Stat. Ann. § 2C:24–4); and (v) cruelty and neglect of children (N.J. Stat. Ann. § 9:6–3). (*See Compl.* at 3). Second, Plaintiff purports to bring claims based on alleged violations of common law assault, battery, negligence, and "intentional torts."[7] (*See id.*). Third, Plaintiff raises a claim for conspiracy, which the Court broadly interprets as falling under 42 U.S.C § 1985(3) and the common law. (*See id.*). Fourth, the Complaint seemingly raises a

---

[6]   The Complaint does not specify whether Plaintiff brings claims for obstruction of justice under federal law or state law. (*See generally* Compl.). Accordingly, the Court broadly interprets the Complaint under both federal and state statutes governing obstruction of justice.

[7]   Plaintiff does not specify which intentional torts she intends to raise. Specifically, the Complaint states: "ILEANA VALERIO- ASSAULT and BATTERY, CHILD ENDANGERMENT, CRUELTY TO A CHILD, NEGLIGENCE, and intentional torts[]. JANET GROOMS, ARTRESIA FRYER and RONALD E. BOLAND- conspired to committed fraud, Title 18, Part 1, Chapter 13 §241 of United States Codes of Law, Title 18, Part 1, Chapter 13 §242 of United States Codes of Law, OBSTRUCTION OF JUSTICE, U.S. v. Prudden, 424 F.2d 1021; U.S. v. Tweel, 550 F. 2d. 297 , 299, 300 (1977)[.]" (*Id.*).

Moreover, Plaintiff contends that Defendants acted under color of federal or state law. (*Id.* at 4). The Complaint alleges: "ILEANA VALERIO intentionally, violently injured my flesh and blood daughter, [E.H.] RONALD E. BOLAND, Impede the due process of justice, he took part in a conspiracy and agreed to deceive me with false statement. JANET GROOMS, ARTRESIA FRYER -Silence is equated with fraud when there is a legal and moral duty to speak or when an inquiry left unanswered would be intentionally misleading, and conspire [*sic*][.]" (*Id.*).

claim under 42 U.S.C § 1983 ("Section 1983") premised on the alleged violations of federal and state criminal and civil laws listed above. (*Id.*). Finally, Plaintiff appears to bring all the above claims on behalf of her daughter and on behalf of herself. (*See generally* Compl.).

With respect to "Relief," Plaintiff contends that she is "suing Plainfield Scholl [*sic*] District (Plainfeild [*sic*] Board of Education) for $2,000,000.00 (Two Million USD Dollars) for injuries [her] daughter su[s]tain[ed]," as well as "punitive damages for the intentionally bad conduct and conspiracy." (*Id.* at 5).[8] Finally, Plaintiff also seeks anger management classes for Ileana Valerio, and asks this Court to permanently separate Ileana Valerio "from working with children." (*Id.*).

The Defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction, failure to state a claim, and improper service of process. (*See generally* D.E. No. 7-1).

## II. Legal Standard

### A. Lack of Subject-Matter Jurisdiction

The Court can adjudicate a dispute only if it has subject-matter jurisdiction to hear the asserted claims. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (noting that federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto"). "Rule 12(b)(1) governs jurisdictional challenges to a complaint." *Otto v. Wells Fargo Bank, N.A.*, No. 15-8240, 2016 WL 8677313, at *2 (D.N.J. July 15, 2016), *aff'd*, 693 F. App'x. 161 (3d Cir. 2017). "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1) because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).

---

[8] Plaintiff failed to name the Plainfield School District and the Plainfield Board of Education as defendants in the Complaint. (*See* Compl. at 1–3). To the extent that the Complaint purports to assert claims against "Plainfield Scholl [sic] District (Plainfeild [sic] Board of Education)" (*see id.* at 5), the Court does not consider these purported claims because it dismisses all claims for the reasons discussed below. (*See infra* Part III.A–D).

In deciding a 12(b)(1) motion, "a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed." *Leadbeater v. JPMorgan Chase, N.A.*, No. 16-7655, 2017 WL 4790384, at *3 (D.N.J. Oct. 24, 2017). "When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack," which "contests the sufficiency of the complaint because of a defect on its face." *Id.* (internal quotation marks omitted). In reviewing a facial attack, the court should consider only the allegations in the complaint, along with documents referenced therein, in the light most favorable to the nonmoving party. *See Constitution Party of Pa. v. Aichele*, 757 F.3d at 358. Thus, the motion is handled much like a 12(b)(6) motion, and allegations in the complaint should be accepted as true. *Leadbeater*, 2017 WL 4790384, at *3.

### B. Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In assessing a Federal Rule of Civil Procedure 12(b)(6) motion, "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But a reviewing court does not accept as true the complaint's "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions."). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these

documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir.2010). Further, "[a] document filed *pro se* is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2008) (citations and internal quotation marks omitted).

Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir.2008) (citing *Alston v. Parker*, 363 F.3d 299, 235 (3d Cir. 2004); *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir.2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile.").

## III. Discussion

### A. Plaintiff's Standing to Bring Claims on Behalf of Her Child *Pro Se*

Defendants contend that Plaintiff cannot represent her daughter *pro se* in federal court. (D.E. No. 7-1 at 12). To the extent that Plaintiff seeks to raise claims under any federal or state law on behalf of her daughter without legal representation, the Court agrees with defendants.

Generally, Federal Rule of Civil Procedure 17(c) allows guardians to sue on behalf of minor children in their representative capacities. Additionally, litigants may represent themselves in federal court *pro se* under 28 U.S.C. § 1654. However, the Third Circuit has consistently held that a non-attorney parent may not represent his or her child *pro se* in federal court. *See, e.g.*, *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991) (holding that a "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child") (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990)); *see also Watson v. Washington Twp. of Gloucester Cty. Pub. Sch. Dist.*, No. 09-3650,

2010 WL 2540180, at *4 (D.N.J. June 17, 2010), *aff'd*, 413 F. App'x 466 (3d Cir. 2011) (finding that a plaintiff-parent could not prosecute any of her son's claims in federal court). Further, a child's right to counsel cannot be waived by his or her parent. *Id.* at 883. When parents are unwilling or unable to obtain counsel for their children, the court may dismiss an action without prejudice "to accrue for purposes of the relevant statutes of limitations when the children reach eighteen years of age, or sooner if they become emancipated minors." *Id.*

Since *Osei-Afriyie*, the Third Circuit has upheld the proposition that parents cannot represent their minor children in federal court. *See, e.g.*, *Cole v. Montague Bd. of Educ.*, 145 F. Appx. 760, 762 n.1 (3d Cir. 2005); *Harris–Thomas v. Christina School Dist.*, 145 F. Appx. 714, 715 (3d Cir. 2005) (holding that a non-attorney parent cannot represent her child in federal court for a school district's alleged civil rights violations); *Pinkney v. City of Jersey City Dept. of Housing and Economic Development*, 42 F. Appx. 535, 536 (3d Cir. 2002) (stating that a parent cannot bring suit on behalf of a minor or mentally incompetent adult child without counsel for an alleged violation of Section 1983); *see also Wolf v. Escala*, No. 14-5985, 2015 WL 2403106, at *6, 8 (D.N.J. May 20, 2015) (holding that a parent could not seek relief on behalf of her children *pro se*, including relief for a "laundry list of injuries" based on alleged violations of federal and state law); *Woodruff ex rel. B.W. v. Hamilton Twp. Pub. Sch.*, No. 06-3815, 2007 WL 4556968, at *3 (D.N.J. Dec. 20, 2007) (finding that parents lacked "standing to prosecute any of their son's claims").

Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter. Accordingly, the Court dismisses all claims in the Complaint purportedly brought on behalf of E.H. *without prejudice*. If Plaintiff chooses, and assuming E.H. is a minor, Plaintiff may bring claims on behalf of her daughter with legal representation. *See, e.g.*, *Woodruff*, 2007 WL 4556968,

at *6. Alternatively, if the Plaintiff's child is not eighteen years of age or emancipated, the statute of limitations may accrue until whichever occurs first, at which point the child may assert her own claims with or without the aid of counsel. *See Osei-Afriyie*, 937 F.2d at 883.

> B. **Plaintiff's Standing to Bring Her Own Claims Based on E.H.'s Alleged Injuries**
>
> > i. **Federal Claims**

Because the Complaint may be read to assert Plaintiff's own claims, the Court also evaluates each claim Plaintiff purports to assert on behalf of herself. Defendants argue that Plaintiff lacks standing under Article III because she did not plead a violation of her own constitutional rights. (D.E. No. 7-1 at 13–16). "The standing inquiry . . . focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Davis v. FEC*, 554 U.S. 724, 734 (2008). To establish Article III standing, the Plaintiff must show that she: (i) personally suffered an actual or threatened injury; (ii) the injury is fairly traceable to the defendant's illegal conduct; and (iii) the injury is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State Inc.*, 454 U.S. 464, 472 (1982). The court's ability to adjudicate a matter also depends on certain prudential principles, including "the general prohibition on a litigant's raising another person's legal rights." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

As a general rule, "a litigant may only assert his own constitutional rights or immunities." *United States v. Raines*, 362 U.S. 17, 22 (1960). "[O]ne cannot sue for the deprivation of another's civil rights." *O'Malley v. Brierley*, 477 F.2d 785, 789 (3d Cir. 1973). Further, "[o]nly persons actually deprived of their individual civil rights can redress such rights." *Id.* at 789 n.2 (quoting

*United States v. Biloxi Mun. Sch. Dist.*, 219 F. Supp. 691, 694 (S.D. Miss. 1963), *aff'd*, 326 F.2d 237 (5th Cir. 1964)).

In the context of a parent suing for injuries that result from alleged violations of their child's constitutional rights, such injuries "are not sufficiently personal for purposes of the parent's individual standing." *Delbridge v. Whitaker*, No. 09-4227, 2010 WL 1904456, at *3 (D.N.J. May 10, 2010) (citing *Hannah*, 152 F. App'x at 116–17)). Moreover, "[a] parent, not acting in a representative capacity, lacks standing to sue for the deprivation of the civil rights of his or her children." *Morel v. Smith*, No. 16-02162, 2017 WL 3326975, at *2 (M.D. Pa. June 27, 2017), *report and recommendation adopted*, No. 16-2162, 2017 WL 3310920 (M.D. Pa. Aug. 3, 2017).

The Third Circuit has stated that "a plaintiff must adequately assert the *personal* deprivation of a right before she can pursue a suit under § 1983." *Hannah v. City of Dover*, 152 F. App'x 114, 116 (3d Cir. 2005) (emphasis added). In *Reihner v. Cty. of Washington, Pennsylvania*, 672 F. App'x 142, 144 (3d Cir. 2016), the Court held that parents lacked standing to recover for injuries under Section 1983 for alleged violations of their son's constitutional rights during his criminal investigation. ("[T]o the extent that the Reihners sought [financial] recovery for themselves on the basis of any purported injury to their son, they did not have standing to bring the claims."); *see T.F.R. v. Morris Cty. Prosecutor's Office*, No. 16-5407, 2017 WL 4390098, at *4 (D.N.J. Oct. 3, 2017) (dismissing § 1983 claims as a matter of law where parents suffered economic and emotional injuries that stemmed from alleged constitutional violations during their son's arrest and prosecution). Moreover, this principle is equally applicable to parents' federal conspiracy claims under Section 1985(3) when they fail to allege that their constitutional rights were violated. *See Delbridge*, 2010 WL 1904456, at *1–3 (dismissing plaintiff-parents from the action for claims brought under Sections 1983 and 1985(3)).

Here, Plaintiff alleges injuries that are solely those of her daughter, including "trauma soreness, and pain in neck and back, scratches on face, nose and arm." (*See* Compl. at 5). In addition, Plaintiff seeks $2 million "for injuries [her] daughter su[s]tain[ed]" and "punitive damages for the intentionally bad conduct [to Plaintiff's daughter.]" (*Id.*). Moreover, in response to Defendants' motion to dismiss, Plaintiff filed a letter to the Court stating that "Ileana Valerio intentionally and violently injured [her] highest possession, my natural child," and that Ms. Valerio's "behavior caused damages, suffering, and harm to [Plaintiff's] possession . . . [and is] seeking remedy for the intentional tort/damages from the defendant, Ileana Valerio." (D.E. No. 10 at 1). Indeed, the Complaint and Plaintiff's letter plainly characterize injuries that emanate from her daughter's physical injuries rather than any injuries to the Plaintiff. In addition, Plaintiff claims that Defendants conspired to cause physical harm to her daughter and hide its occurrence from the Plaintiff. (*See* Compl. at 4). However, Plaintiff does not allege any injury to her as a result of the alleged conspiracy. (*See generally id.*). As such, the Complaint does not sufficiently plead any claim for violations of Plaintiff's constitutional rights under Section 1983 or for conspiracy under Section 1985(3). *See, e.g.*, *Reihner*, 672 F. App'x at 144 (stating that plaintiff-parents "did not allege a constitutional violation against them"). For the same reasons, any purported federal common law conspiracy claim based on injuries to Plaintiff's daughter cannot proceed for lack of standing.[9]

---

[9] To the extent the Complaint may be read to assert common law claim(s) for conspiracy, these claims are also dismissed for failure to state a claim under Rule 12(b)(6). Plaintiffs alleging conspiracy claims under Sections 1983, 1985 or the common law must plead an agreement between two or more persons that support "a meeting of the minds." *See Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008); *see also 8600 Landis, LLC v. City of Sea Isle City*, No. CV 17-2234, 2018 WL 1509088, at *11 (D.N.J. Mar. 27, 2018) (dismissing federal common law conspiracy claims where plaintiff's conspiracy claims under Sections 1983 and 1985(3) did not survive); *Livingston v. Borough of Edgewood*, 430 F. App'x 172, 178–79 (3d Cir. 2011). Although the Complaint alleges that the Defendants agreed to deceive Plaintiff, conclusory allegations that an agreement existed and that silence from Defendants "equated with fraud" are insufficient to adequately plead the existence of a conspiracy. (*See* Compl. at 4). Because the Complaint

Accordingly, because the Plaintiff does not assert any violations of her own civil rights, the Court dismisses Plaintiff's Section 1983 claim and purported claims for civil conspiracy *with prejudice* because any amendment would be futile. *See id.* (upholding the district court's refusal to allow an amended complaint as futile where plaintiff-parents "failed to present any suggestion that they had their own claims against the defendants").

C. **Criminal Violations**

Next, Defendants argue that Plaintiff cannot purport to assert a claim under Section 1983 for violations of federal and state criminal statutes listed in the Complaint because Plaintiff has no private right of action under any federal or state criminal statute. (D.E. No. 7-1 at 17–18; *see* Compl. at 3). The Court agrees that Plaintiff has no private right of action under the federal criminal statutes listed in the complaint. [10] Specifically, the Complaint lists several federal criminal statutes, including: (i) conspiracy against rights (18 U.S.C. § 241); (ii) deprivation of rights under color of law (18 U.S.C. § 242); and (iii) "obstruction of justice." (*See* Compl. at 3).

---

contains nothing more than "mere conclusory statements" regarding Plaintiff's purported conspiracy claim(s), the Court dismisses all attempts to assert a conspiracy claim. *See Twombly*, 550 U.S. at 570.

[10] Although this Court declines to exercise supplemental jurisdiction over Plaintiff's state claims (*see infra* Part III.D), Plaintiff has no private cause of action for standalone claims under state criminal law. *See Barthakur*, 2017 WL 507228, at *3; *E.K. v. Massaro*, No. 12-2464, 2013 WL 5539357, at *6 (D.N.J. Oct. 7, 2013) (dismissing plaintiff's claim for endangering the welfare of a child under N.J.S.A. 2C:24–4 because the criminal statute does "not provide a cause of action to [p]laintiff as a private party"); *Woodall v. Geist*, 2010 WL 1838433, at *2 n.1; *M.K. ex rel. D.K. v. Hillsdale Bd. of Educ.*, No. 06-1438, 2006 WL 2067177, at *2 (D.N.J. July 20, 2006) (holding that "[p]laintiffs may not plead violation of [N.J.S.A. § 9:6–3] as a separate cause of action in the complaint").

Likewise, alleged violations of state statutes cannot form the basis of a claim under Section 1983. *McKee v. Pittsburgh Nat. Bank*, 627 F. App'x 88, 91 (3d Cir. 2015); *Brown v. Grabowski*, 922 F.2d 1097, 1113 (3d Cir. 1990) ("Section 1983 does not provide a cause of action for violations of state statutes, and . . . a state statute cannot, in and of itself, create a constitutional right."). Similarly, obstruction of justice is governed by state criminal statutes that do not provide a private right of action. *See Barthakur v. Olszyk*, No. 16-1995, 2017 WL 507228, at *3 (D.N.J. Feb. 7, 2017) ("N.J.S.A. 2C:29-1 governs obstruction of justice, but it is a criminal statute that does not provide for a private right of action.").

Plaintiff has no private right of action under federal penal statues such as 18 U.S.C. §§ 241 and 242. *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (upholding the district court's dismissal of plaintiff's claims under 18 U.S.C. §§ 241 and 242 because "[n]either statute creates a civil cause of action"); *Watson*, 2010 WL 2540180, at *4; *Woodall v. Geist*, No. 09-4975, 2010 WL 1838433, at *2 n.1 (D.N.J. May 5, 2010) ("Plaintiff's attempt to assert relief under 18 U.S.C. §§ 241, 242, and 246 is misplaced as those penal statutes do not supply a private cause of action."). Thus, any private cause of action premised on alleged violations of 18 U.S.C. §§ 241 and 242 are dismissed *with prejudice*.

Moreover, because no individuals can bring a cause of action under 18 U.S.C. §§ 241 and 242, Plaintiff cannot assert a Section 1983 claim based on purported violations of those federal statutes. *See Blessing v. Freestone*, 520 U.S. 329, 340 (1997) ("In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*."). Accordingly, Plaintiff's Section 1983 claim purportedly premised on alleged violations of 18 U.S.C. §§ 241 and 242 is dismissed *with prejudice*.

Plaintiff similarly lists obstruction of justice among the federal or statutory rights allegedly violated under Section 1983. (*See* Compl. at 3). However, at the federal level, obstruction of justice is governed by federal statutes that do not provide a private right of action. *Gage v. Wells Fargo Bank, N.A., AS*, 555 F. App'x 148, 151 (3d Cir. 2014) (dismissing claims under 18 U.S.C. § 1505 and § 1510 that do not "confer a private right of action"). To the extent the Complaint may be read to assert private causes of action for alleged federal obstruction of justice violations, the claims are dismissed *with prejudice*. Additionally, because Plaintiff may not assert a standalone claim for obstruction of justice under federal law, any purported Section 1983 claim premised on such an alleged violation is dismissed *with prejudice*. *See Blessing*, 520 U.S. 329, 340 (1997).

### D. State Claims

Because the Court dismisses all claims over which it has original jurisdiction, "it ha[s] the authority to decline to exercise supplemental jurisdiction" over the remaining state-law claims. *See Petrossian v. Cole*, 613 F. App'x 109, 112 (3d Cir. 2015); *see also Obuskovic v. Wood*, 761 Fed. App'x 144, 148–49 (3d Cir. 2019) ("A District Court has discretion to decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." (quoting 28 U.S.C. § 1367(c)(3)) (internal quotation mark omitted)). Here, in its discretion, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims for negligence, assault and battery, "intentional torts," conspiracy, endangering the welfare of a child (N.J.S.A. 2C:24–4), and cruelty and neglect of children (N.J. Stat. Ann. § 9:6–3). *See, e.g.*, *Mathis v. Phil. Elec. Co.*, 644 F. App'x 113, 116 (3d Cir. 2016).

## IV. Conclusion

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss.[11] As discussed above (*see supra* Part III.A), Plaintiff's Complaint is dismissed *without prejudice* for all claims Plaintiff purports to assert on behalf of her daughter *pro se*. For the reasons stated above (*see supra* Part III.B–C), all purported federal claims Plaintiff intended to raise on behalf of herself are dismissed *with prejudice*. Finally, Plaintiff's remaining state-law claims (*see supra* Part III.D) are dismissed *without prejudice* on jurisdictional grounds. To the extent Plaintiff wishes to retain counsel for claims raised on behalf of her daughter, Plaintiff may do so and file an amended

---

[11] Because the Court dismisses all claims for the reasons in this Opinion (*see supra* Part III.A–D), it need not consider additional grounds for dismissal raised by Defendants, such as improper service of process and failure to properly plead a Section 1983 claim against a municipality under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). (*See, e.g.*, D.E. No 7-1 at 8–12, 31–33).

complaint within thirty days.  But the Court may close this case "if a timely amendment is not forthcoming within that time."  *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976) (per curiam)).

An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**